**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENNETH R. HAIRSTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-22-0454-W-2 |
| 　　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE:  February 28, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dan Hayward, Spokane, Washington, for the appellant.

Simon Caine, Robert P. Erbe, Andrew J. Romey, Joint Base Andrews,
　　Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

　　The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action in his individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a GG-11[2] Training Instructor in the Joint Personnel Recovery Agency (JPRA).[3] *Hairston v. Department of the Air Force*, MSPB Docket No. SF-1221-22-0454-W-1, Initial Appeal File (IAF), Tab 12 at 12. He taught numerous Survival, Evasion, Resistance, and Escape (SERE) training courses, including courses that included in-person role play scenarios. *Hairston v. Department of the Air Force*, MSPB Docket No. SF-1221-22-0454-W-2, Appeal File (W-2 AF), Tab 13, Hearing Transcript (HT) at 142-43, 176-77 (testimony of the appellant); IAF, Tab 13 at 72-78.

On January 17, 2017, the appellant filed a complaint with the agency's Office of Inspector General (OIG) in which he raised fraudulent dissemination of

[2] General Schedule or "GS" employees account for most Federal positions. Many positions use GS as a basis for setting pay rates. Some positions use the designator General Grade or "GG." The GG pay rates are generally identical to GS pay rates.

[3] The appellant's position was designated as a supervisory position from 2011, when he was hired by the agency, until November 1, 2018. Hearing Transcript (HT) at 143, 145 (testimony of the appellant). After November 1, 2018, the appellant no longer had supervisory authority but he continued to perform the same duties.

bonuses.[4]  IAF, Tab 9 at 8.  As a result of his complaint, the OIG investigated the JPRA.  HT at 143 (testimony of the appellant).  Following the investigation, certain individuals including the appellant were informed that they would no longer have supervisory duties and the JPRA created a new GG-12 supervisory position.  HT at 143-44 (testimony of the appellant); HT at 138-39 (testimony of the proposing official).  Thereafter, the appellant reported having problems with coworkers whose actions he perceived to be harassment.  HT at 149-55 (testimony of the appellant); HT at 62-63 (testimony of the appellant's supervisor).  The appellant's supervisor noted that he attempted to correct the coworkers' behavior; the coworkers were also counseled, and the appellant was moved to another area away from them.  HT at 62-69, 82, 96 (testimony of the appellant's supervisor).

In September 2018, the appellant began to have panic attacks and other physical manifestations of post-traumatic stress disorder, anxiety, and depression.  HT at 165 (testimony of the appellant); IAF, Tab 12 at 17-32.  As of February 19, 2019, the appellant's physicians determined that he was medically unable to return to work.  IAF, Tab 12 at 17-32.  The last time the appellant reported to work was in April 2019.  HT at 197 (testimony of the appellant).

On June 18, 2019, the appellant submitted a request for telework as a reasonable accommodation, noting that his request was "brough[t] on by several years of hostile work environment and harassment in the workplace."  IAF, Tab 9 at 29-30.  The agency determined that the appellant could not perform the essential duties of his position via telework because his position required him to teach a SERE course that included in-person role play scenarios.  HT at 39-41, 49-50 (testimony of the deciding official); HT at 73 (testimony of the appellant's

---

[4] The appellant described his OIG complaint as disclosing nepotism, in addition to fraudulent dissemination of bonuses.  IAF, Tab 9 at 2, Tab 20 at 5.  In the Order and Summary of the Prehearing Conference, the administrative judge noted that the appellant agreed that the nepotism, not fraudulent dissemination of bonuses, was the only disclosure to the OIG at issue in this appeal.  IAF, Tab 21 at 8.

supervisor); HT at 130-32 (testimony of the proposing official). The agency then searched for a vacant position to which the appellant could be reassigned, but the agency was unsuccessful in finding a possible reassignment. IAF, Tab 9 at 34; HT at 74-75 (testimony of the appellant's supervisor). As a result, the appellant remained on leave without pay. IAF, Tab 13 at 14-68.

By letter dated August 14, 2020, the agency directed the appellant to return to work on September 1, 2020. IAF, Tab 13 at 12-13. However, the appellant did not return to work. Effective December 8, 2020, the agency removed the appellant from his position based on the charge of excessive absences. IAF, Tab 12 at 13-16.

Prior to the issuance of the removal decision, on January 7, 2020, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency constructively demoted him from a supervisory position and blocked him from competing for a promotion in reprisal for initiating an OIG investigation.[5] IAF, Tab 9 at 26. While the complaint was still pending, the appellant notified OSC that the agency created a hostile work environment that led to his removal. *Id*. at 11. On April 26, 2022, OSC informed the appellant it had terminated its inquiry into his allegations and notified him of his right to seek corrective action from the Board. *Id*. at 26-27.

The appellant filed the instant IRA appeal, alleging that his removal constituted reprisal for whistleblowing.[6] IAF, Tab 1 at 5. The administrative

---

[5] The appellant filed a prior IRA appeal in which he raised the same or similar personnel actions. *Hairston v. Department of the Air Force*, MSPB Docket No. SF1221-19-0125-W-2, Initial Decision (Apr. 30, 2020) (0125 ID). In the 0125 initial decision, the administrative judge found that the appellant failed to prove that he made a protected disclosure that was a contributing factor in those personnel actions and denied the appellant's request for corrective action. 0125 ID at 2, 15-20, 24. Neither party filed a petition for review in the prior appeal, and the initial decision is thus the Board's final decision in that case. 5 C.F.R. § 1201.113.

[6] In the Order and Summary of the Prehearing Conference, the administrative judge noted that the appellant agreed that the removal is the only personnel action at issue in this appeal. IAF, Tab 21 at 8. Thus, we will not discuss any other personnel actions

judge found that the appellant was entitled to a hearing because he established jurisdiction over the appeal. IAF, Tab 21 at 6-8. After holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. W-2 AF, Tab 11, Initial Decision (ID) at 1, 27. The administrative judge found that the appellant did not prove that he made a protected disclosure in his OIG complaint; however, the appellant proved that he engaged in protected activity in communicating with the OIG. ID at 11-12. The administrative judge found that the removal constituted a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A)(iii) and the appellant proved that his protected activity was a contributing factor in the agency's decision to remove him. ID at 13. Lastly, the administrative judge found that the agency proved by clear and convincing evidence it would have removed the appellant even if he had not engaged in protected activity. ID at 14-27.

The appellant has filed a petition for review of the initial decision.[7] Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

To prevail on the merits of an IRA appeal, an appellant must meet his initial burden of proving by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 8. Neither party

---

that the agency may have taken against the appellant.

[7] With his petition for review, the appellant has included portions of a hearing transcript. PFR File, Tab 1 at 30-103. The entirety of the hearing transcript is included in the record, and we have referenced the hearing transcript throughout this decision.

disputes the administrative judge's finding that, although the appellant did not prove that he communicated to the OIG a concern about nepotism in the agency, he proved that he engaged in a protected activity which was a contributing factor in the agency's decision to remove him. ID at 11-13.

In reaching that conclusion, the administrative judge determined that the appellant's contact with the OIG constituted protected activity under 5 U.S.C. § 2302(b)(9)(A). ID at 12. However, protected activity under section 2302(b)(9) (C) includes "cooperating with or disclosing information to the Inspector General . . . of an agency, or the Special Counsel, in accordance with applicable provisions of law." 5 U.S.C. § 2302(b)(9)(C). Under that broadly worded provision, any disclosure to the OIG regardless of its content is protected so long as such disclosure is made in accordance with applicable provisions of law. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Although the administrative judge cited section 2302(b)(9)(A) instead of section 2302(b)(9)(C), his error does not prejudice the appellant's substantive rights and provides no basis for reversal of an initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

When as here, an appellant meets his burden to prove by preponderant evidence that his protected activity was a contributing factor in the challenged personnel action, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's whistleblowing. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 6. Clear and convincing evidence is that measure of degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. *Id.*, ¶ 9 n.3. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action, (2) the existence and strength of any motive to retaliate on the part of the agency, and (3) any evidence that the agency takes similar actions against employees who are not

whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board must consider all of the evidence presented, including evidence that detracts from the conclusion that the agency met its burden. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). For the reasons discussed below, we find that the agency met its burden to prove by clear and convincing evidence that it would have taken the same action in the absence of the protected activity.

On review, the appellant disagrees with the administrative judge's finding that the agency proved by clear and convincing evidence it would have removed him absent the protected activity. PFR File, Tab 1 at 12. He notes that he experienced a hostile work environment which the agency failed to adequately remedy, and the agency chose not to accommodate his mental disability or engage in the interactive process. *Id*. at 14-17. He further notes that he was treated differently from other similarly situated employees because he had a mental disability and he was a whistleblower, i.e., other employees were not barred from teleworking or removed for not handling specific duties such as role-playing training. *Id.* at 17-21. He asserts that the agency failed to consider alternative positions for him, the agency was not receptive to allowing him to return to employment, and the agency continued to discriminate against him after he was removed because it blacklisted him for other positions. *Id.* at 25-27.

Although the appellant challenges the administrative judge's analysis under *Carr* factor 1, his arguments are not necessarily directed toward the strength of the agency's evidence in support of the removal. Instead, the appellant focuses on the agency's failure to accommodate his mental disability and disparate treatment of similarly situated employees. PFR File, Tab 1 at 14-21. To the extent the appellant is claiming that his removal was the result of disability discrimination, the Board lacks jurisdiction over that claim in the context of his IRA appeal. *See Maloney v. Executive Office of the President, Office of Administration*, 2022 MSPB 26, ¶ 40. Any allegations of harmful error

by the agency are also not within the authority of the Board to adjudicate in an IRA appeal. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 5 (2014). Similarly, because this is an IRA appeal and not a removal appeal, the agency is not required to prove its charge of excessive absence by preponderant evidence; rather, the only merits issues before the Board are whether the appellant has demonstrated that whistleblowing or other protected activity was a contributing factor in one or more personal actions and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing or other protected activity. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 18 n.7 (2013); 5 C.F.R. § 1209.2(c) (listing the issues before the Board in deciding the merits of an IRA appeal).

As to the first *Carr* factor, the strength of the agency's evidence in support of its action, the analysis is based on the evidence before the agency at the time the action was taken.[8] *Yunus v. Department of Veterans Affairs*, 84 M.S.P.R. 78, ¶ 8 (1999); *Russell v. Department of Justice*, 76 M.S.P.R. 317, 326 (1997). Therefore, in assessing *Carr* factor 1, we must determine whether the administrative judge erred in finding that the agency submitted strong evidence in

---

[8] Although not raised by either party on review, we note that the Board recently issued a clarification of *Cook v. Department of the Army*, 18 M.S.P.R. 610 (1984), which the administrative judge cited in his initial decision, in *Williams v. Department of Commerce*, 2024 MSPB 8, issued after the initial decision. ID at 15. *Cook* set out the necessary factors supporting an adverse action based upon excessive leave, such as at issue here. *Cooke*, 18 M.S.P.R. 610, 611-12. The recent *Williams* decision held that an agency cannot rely on absences that predate its warning that an adverse action could be taken unless the individual became available for duty. *Williams*, 2024 MSPB 8, ¶¶ 6-8. Here, while the agency's removal action could not be sustained if this were an adverse action appeal because the agency did not issue its warning to the appellant until August 2020, which was after the February 2019 to February 2020 period underlying the agency's charge, in an IRA appeal such as this, the agency need not prove its charge as it would in an adverse action appeal. *Agoranos*, 119 M.S.P.R. 498, ¶ 18 n.7; 5 C.F.R. § 1209.2(c) (listing the issues before the Board in deciding the merits of an IRA appeal). Thus, the agency's legal misstep was not obvious when the agency acted because the Board had not yet issued its *Williams* decision and is not a factor when evaluating the strength of the agency's evidence here.

support of the charge of excessive absences. ID at 16. For the following reasons, we discern no error.

The administrative judge found that the agency presented strong evidence in support of the charge of excessive absences, which weighs in favor of the agency on the clear and convincing evidence issue for *Carr* factor 1. ID at 14-20. Here, the agency removed the appellant from his position based on the charge of excessive absences between February 19, 2019, and February 18, 2020. IAF, Tab 12 at 33. The administrative judge noted that the appellant articulated that he was not medically able to return to work in his position and that he had been medically unable to return to work since February 2019. *Id.* at 17-19; ID at 15. In fact, as the administrative judge observed, the appellant had been absent from work for more than 18 months at the time of his removal. ID at 16. He found the agency's testimony persuasive that, while the appellant was absent from his position, it continued to teach the in-person SERE 220 course and had to utilize instructors from other areas to cover the appellant's responsibilities in his absence. ID at 16. Thus, he found that the agency submitted strong evidence in support of the charge of excessive absences. *Id.* By the time of his response to the proposed removal and the agency's decision to sustain that removal, the appellant had been absent for more than a year and a half, and there seemed to be no end in sight, given his medical condition. *E.g.,* IAF, Tab 12 at 17, 19. Therefore, we agree that the evidence in support of the agency's efforts to remove the appellant was strong when it acted.

Independent of proffering strong evidence in support of its charge, the agency must also submit strong evidence in support of its penalty determination. *Whitmore*, 680 F.3d at 1374 (stating that "the agency must still prove by clear and convincing evidence that it would have imposed the *exact same penalty* in the absence of the protected disclosures") (emphasis in original). Here, the proposed removal and removal decision does not specifically mention the *Douglas* factors that the proposing and deciding officials considered in determining the

appropriate penalty. IAF, Tab 12 at 14-16, 33-35. However, because this is an IRA appeal, the appropriateness of the penalty imposed by the agency is not at issue. *Weaver v. Department of Agriculture*, 55 M.S.P.R. 569, 576 (1992); *see* 5 C.F.R. § 1209.2(c). However, factors that an agency is required to consider in determining the appropriate penalty may also be relevant to assessing the *Carr* factors at issue here. *See Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 9 (2012) (finding that an agency can consider the pertinent mitigating and aggravating factors in determining the reasonableness of the penalty when an employee is charged with excessive absences); *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶¶ 5, 21-22 (2005) (finding that a witness's anticipated testimony regarding his allegedly more favorable treatment under circumstances similar to those that led to the appellant's suspension was relevant and material to the *Carr* factors, as well as to the reasonableness of the penalty); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors that are relevant to determining the reasonableness of a penalty).

In the removal decision, the deciding official noted that "this action promotes the efficiency of the service and is based on your inability to maintain a full-time regular work schedule with no end in sight." IAF, Tab 12 at 14. At the hearing, the agency proffered testimony that the appellant's absences had an adverse impact on the agency because his position was critical, he was not performing his duties, his absences had no foreseeable conclusion, and there was a high demand for SERE courses because they were required by military personnel prior to deployment. HT at 136-37 (testimony of the proposing official); *see Douglas*, 5 M.S.P.R. 280, 305-06. We agree that the agency's action was reasonable in light of the circumstances and supported by the record. Accordingly, we find no reason to disturb the administrative judge's findings concerning the first *Carr* factor, which weighs in favor of the agency.

Regarding *Carr* factor 2, the administrative judge found that the proposing and deciding officials were not implicated in the matters disclosed in the appellant's OIG complaint, which predated their assignments within JPRA, and thus, they did not have personal motivation to retaliate against the appellant for his OIG complaint. ID at 21. The administrative judge considered that, although the individuals involved in the appellant's removal were not personally implicated in those disclosures, the fact remains that they are high-ranking agency officials who supervised the work unit that was the subject of the disclosures. ID at 21; *see Whitmore*, 680 F.3d at 1370 (noting that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees"). In fact, as the administrative judge observed, the agency's OIG investigated the JPRA and ultimately issued recommendations regarding the structure of the JPRA, which the proposing and deciding officials were involved in implementing. ID at 21. Thus, the administrative judge found, and we agree, that, although the proposing and deciding officials had no personal motive to retaliate against the appellant, there was at least some professional motive to retaliate and this factor weighed against the agency, but not significantly.[9] ID at 25-26.

Regarding *Carr* factor 3, the administrative judge found no evidence of whether the agency took similar action against similarly situated non-whistleblowers. ID at 26. In so finding, he noted that the deciding official testified that he removed another employee for excessive absences, but the agency provided no evidence regarding whether the employee was a whistleblower. ID at 26; HT at 47-48, 52-53 (testimony of the deciding official);

---

[9] With respect to the appellant's claim that the poor treatment he received from his coworkers was part of a command-directed campaign of reprisal against him, the administrative judge concluded, and we agree, that there was little credible evidence to support the appellant's belief in that regard. ID at 21-25.

*see Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018) (finding that *Carr* factor 3 only concerns non-whistleblowers and the treatment of similarly situated whistleblowers has no bearing on that factor). Thus, he found that this factor was effectively neutral. ID at 26.

The absence of evidence on *Carr* factor 3 can either be neutral or "cut[] slightly against the Government," depending on the circumstances. *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (citing *Whitmore*, 680 F.3d at 1374). The agency "is required to come forward with all reasonably pertinent evidence" regarding this factor because it has greater access to such information. *Whitmore*, 680 F.3d at 1374-75. The agency does not have an affirmative burden to produce evidence concerning each and every *Carr* factor, including *Carr* factor 3, but the absence of any evidence relating to *Carr* factor can effectively remove that factor from the analysis, and may well cause the agency to fail to prove its case overall. *Id.* Thus, given the lack of evidence that similarly situated non-whistleblowers were removed, we find that *Carr* factor 3 cuts slightly against the agency. *See Miller*, 842 F.3d at 1262-63 (explaining that, where an agency presented little or weak evidence for the first two *Carr* factors, the lack of evidence for *Carr* factor 3, "if anything, tends to cut slightly against the Government").

Overall, based on the administrative judge's findings that the *Carr* factor 1 weighed strongly in favor of the agency and that factors 2 and 3 weighed slightly against the agency, we agree with his conclusion that the agency proved by clear and convincing evidence that it would have terminated the appellant absent his protected activities. ID at 26-27.

**NOTICE OF APPEAL RIGHTS**[10]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative

receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.